UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOBULA DIAS DO CEU,<br><br>                Plaintiff,<br>   v.<br><br>JOSEPH B. EDLOW et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-01461-LK<br><br>ORDER GRANTING MOTION TO STAY |

       This matter comes before the Court on the parties' Stipulated Motion to Hold Case in Abeyance. Dkt. No. 6. The parties request that this Court stay these proceedings until February 25, 2026 while U.S. Citizenship and Immigration Services ("USCIS") adjudicates Plaintiff's asylum application. *Id.* at 1.

       The parties state that "[w]ith additional time, this case may be resolved without the need of further judicial intervention." *Id.* at 2. USCIS has scheduled Plaintiff's interview for October 28, 2025, and the parties request that the Court hold this case in abeyance "to allow USCIS to conduct Plaintiff's interview and then process the Petition" for asylum. *Id.*

ORDER GRANTING MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the parties' Stipulated Motion to Hold Case in Abeyance, Dkt. No. 6, STAYS this case until February 25, 2026, and ORDERS the parties to submit a joint status report on or before that date.

Dated this 26th day of September, 2025.

*Lauren King*
Lauren King
United States District Judge